JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFF | DEFENDANTS |
|---|---|
| STEPHEN AUGUSTINE | DARRELL HICKS AND 2 SHARPE TRUCKING, LLC, |

| **(b)**  County of Residence of First Listed Plaintiff    Philadelphia, PA | County of Residence of First Listed Defendant   Chesterfield County, VA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
|  | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Anthony  Comerota, Esq. and Todd Jacobs, Esq. Jacob & Comerota | Nigel A. Greene, Esq. and Jordan Cantrell, Esq. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
         Plaintiff

☐ 2   U.S. Government
         Defendant

☐ 3   Federal Question
         *(U.S. Government Not a Party)*

☒ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                       *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act |  | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  |  | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
        Proceeding

☒ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation -
        Transfer

☐ 8  Multidistrict
        Litigation -
        Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a).

Brief description of cause: This case involves a claim that on or about September 23, 2022, Defendants were involved in a motor vehicle accident
with Plaintiff while driving in the City of East Norriton Township, and County of Montgomery.

## VII.  REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION**
      UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   1/30/2026

SIGNATURE OF ATTORNEY OF RECORD   */s/ Jordan Cantrell*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_ **The intersection of Stanbridge Street and West Germantown Pike, East Norriton Township, Montgomery County, PA**

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? ........................................... Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? ........................................... Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? ........................................... Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? ........................................... Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?
   If yes, attach an explanation. ........................................... Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☒ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN AUGUSTINE,<br>                                *Plaintiff*<br>        v.<br><br>DARRELL HICKS and<br>2 SHARPE TRUCKING, LLC<br>                *Defendants* | CIVIL ACTION<br><br>NO.: _____ |

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendants, Darrell Hicks and 2 Sharpe Trucking, LLC, ("Removing Defendants"), by and through their attorneys of record, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and with full reservation of all rights and defenses, hereby remove the action entitled *Stephen Augustine v. Darrell Hicks, et. al.*, currently pending in the Court of Common Pleas of Montgomery County, as Civil Action No. 2024-03000 (the "Action") to the United States District Court for the Eastern District of Pennsylvania. The case is removable based upon diversity of citizenship as the amount in controversy exceeds the sum or value of $75,000.00. As grounds for removal, Removing Defendants state as follows:

1.      Plaintiff, Augustine Hicks (hereinafter "Plaintiff") initiated this personal injury negligence action by way of a Complaint filed on February 16, 2024, in the Court of Common Pleas of Montgomery County, Docket No. 2024-03000 (the "State Court Action"). *See*, a true and correct copy of the *Complaint*, attached hereto and marked as Exhibit "A."

2.      Removing Defendants filed an Answer on May 23, 2024. *See*, a true and correct copy of the *Answer*, attached hereto and marked as Exhibit "B."

1

3.     On October 20, 2025, Defendant Oakley Tank Lines, Inc. was voluntarily dismissed from this matter. *See*, a true and correct copy of the *Stipulation of Discontinuance*, attached hereto and marked as Exhibit "C."

4.     On December 5, 2025, Plaintiff filed a motion to amend the Complaint and transfer the State Court Action from arbitration to major list (the "Motion to Amend and Transfer"). *See*, a true and correct copy of the *Motion*, attached hereto, and marked as Exhibit "D."

5.     On January 5, 2026, the Court granted Plaintiff's motion and transferred the State Court Action from arbitration to the major trial program (the "Court Order"). *See*, a true and correct copy of the J*anuary 5, 2026, Order,* attached hereto, and marked as Exhibit "E."

6.     Prior to the Court Order, the damages at issue were capped by statute at $50,000 because the case was in the arbitration program. *See*, 42 Pa.C.S. § 7361.

7.     The Court's January 5, 2026, Order lifted the cap on damages when it transferred the case from arbitration to the major list.

8.     As of the filing of the Order granting Plaintiff's Motion to Amend and Transfer on January 5, 2026, the Action became removable. *See* 28 U.S.C. § 1446(b)(3).

9.     No pleadings, process, or orders other than those referenced above have been served on Removing Defendants in the State Court Action, and therefore, no other process, pleadings or orders are attached to this Notice in compliance with 28 U.S.C. § 1446(a).

10.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) in that it is a civil action between citizens of different states with an amount in controversy exceeding the sum of $75,000.00, exclusive of costs and interest, and the removal is timely.

11.    Removing Defendants are filing the notice of removal within thirty (30) days from

receipt of the Order granting Plaintiff's Motion to Amend and Transfer, an "other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. 1446(c).

## DIVERSITY OF CITIZENSHIP

12.     Removing Defendants hereby adopt and incorporate the foregoing paragraphs as though same were fully set forth at length.

13.     The Complaint avers that Plaintiff is an individual residing in the Commonwealth of Pennsylvania. *See* Exhibit "A" at ⁋1.

14.     The Complaint avers that Defendant Darrell Hicks is an individual residing at 13001 Chipstead Road, Chester, Virginia, 23831. *See* Exhibit "A" at ⁋2.

15.     The Complaint avers that Defendant 2 Sharpe Trucking, LLC is a corporation with a business address located at 13001 Chipstead Road, Chester, Virginia, 23831. *See* Exhibit "A" at ⁋3.

16.     There is complete diversity of citizenship between the parties to the Action for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

17.     Removing Defendants hereby adopt and incorporate the foregoing paragraphs as though same were fully set forth at length.

18.     This personal injury negligence Complaint arises from an alleged motor vehicle accident. *See,* Exhibit "A."

19.     The Complaint alleges that Plaintiff's injuries include, but are not limited to, the following:

.... neck, shoulders, back, hips, and knees causing and/or aggravating a left rotator cuff tear, together with various other injuries, the exact extent of which are unknown at this

time, but may be of a permanent nature with disabilities and loss of function."

*See,* Exhibit "A" at ¶16.

20.    Plaintiff's Motion to Amend and Transfer the State Court Action from arbitration to major list alleges that Plaintiff sustained damages in an "excess of fifty-thousand dollars ($50,000.00)" *See* Exhibit "D" at Pg. 12.

21.    Plaintiff's Motion to Amend and Transfer alleges that Plaintiff "suffered a torn rotator cuff in his left shoulder, among other injuries." *See* Exhibit "D" at ¶3.

22.    Plaintiff's Motion to Amend and Transfer alleges that Plaintiff suffered an aggravation of his "underlying knee and hip arthritis." *See* Exhibit "D" at ¶4.

23.    Plaintiff's Motion to Amend and Transfer alleges that Plaintiff underwent arthroscopic surgery on his left shoulder and surgery to both of his knees. *See* Exhibit "D" at ¶¶ 5-6.

24.    Plaintiff's Motion to Amend and Transfer alleges that Plaintiff is scheduled to have a follow-up surgical consult for his left hip. *See* Exhibit "D" at ¶¶ 5-6.

25.    Based on the alleged injuries and damages, and the January 5, 2026, Order granting Plaintiff's Motion to Amend and Transfer, Removing Defendants respectfully submit that the total amount in controversy exceeds $75,000, exclusive of costs and interest, for purposes of this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), and therefore, this action is properly removable pursuant to 28 U.S.C. § 1441.

## **VENUE**

26.    Removing Defendants hereby adopt and incorporate the foregoing paragraphs as though same were fully set forth at length.

27.     Pursuant to provisions of 28 U.S.C. §§ 1441 and 1446, Removing Defendants seek removal of this action to the United States District Court for the Eastern District of Pennsylvania, the judicial district in which the action is pending.

<u>PROCESS</u>

28.     Removing Defendants hereby adopt and incorporate the foregoing paragraphs as though same were fully set forth at length.

29.     This Notice of Removal is being filed without prejudice to Removing Defendants' objections and defenses to Plaintiff's purported claims.

30.     Written notice of the removal of this action will be promptly served on all adverse parties, and a copy will be filed with the Deputy Court Administrator of the Office of Judicial Records – Civil in the Court of Common Pleas of Pennsylvania of Montgomery County in accordance with the provisions of 28 U.S.C. § 1446(d).

31.     Removing Defendants respectfully submit that (1) there is an actual controversy between citizens of different States, and (2) that, based on the allegations in the Complaint, the amount in controversy exceeds the jurisdictional minimum.

32.     Thus, as 28 U.S.C. § and 1332(a) confers federal subject matter jurisdiction over this action, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendants, Darrell Hicks and 2 Sharpe Trucking, LLC, respectfully requests this action pending in the Court of Common Pleas of Pennsylvania of Montgomery County be removed to the United States District Court for the Eastern District of Pennsylvania, together with such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

**Date:  January 30, 2026**

*/s/ Jordan Cantrell*
Nigel A. Greene, Esquire
Jordan M. Cantrell, Esquire
PA ID Nos. 74636/335319
Two Commerce Square
2001 Market Street - Suite 3100
Philadelphia, PA 19103
215-627-6900 (Main)
215-627-2665 (Fax)
Nigel.Greene@wilsonelser.com
Jordan.Cantrell@wilsonelser.com
*Attorneys for Defendants,*
*Darrell Hicks and 2 Sharpe Trucking, LLC*

– 329075858v.1

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that on the date set forth below, I served a true and

correct copy of the foregoing Notice of Removal on the following parties in the manner described:

Anthony J. Comerota, Esquire
Todd B. Jacobs, Esquire
Jacobs & Comerota
30 South 17th St.
Philadelphia, PA 19103
267-687-0379
anthony@jcinjurylaw.com
todd@jcinjurylaw.com
*Attorneys for Plaintiff*
*Via Email*

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER, LLP**

**Date:  January 30, 2026**          */s/ Jordan Cantrell*
                                 Nigel A. Greene, Esquire
                                 Jordan M. Cantrell, Esquire
                                 PA ID Nos. 74636/335319
                                 Two Commerce Square
                                 2001 Market Street - Suite 3100
                                 Philadelphia, PA 19103
                                 215-627-6900 (Main)
                                 215-627-2665 (Fax)
                                 Nigel.Greene@wilsonelser.com
                                 Jordan.Cantrell@wilsonelser.com
                                 *Attorneys for Defendants,*
                                 *Darrell Hicks and 2 Sharpe Trucking, LLC*

**EXHIBIT "A"**

**[The Complaint]**

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

STEPHEN AUGUSTINE

vs.

DARRELL HICKS

NO.  2024-03000

## <u>NOTICE TO DEFEND – CIVIL</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

STEPHEN AUGUSTINE

vs.

DARRELL HICKS

NO.  2024-03000

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:    ANTHONY J COMEROTA, Esq., ID: 205212

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**        ☐ Yes    ☒ No

**MDJ Appeal**        ☐ Yes    ☒ No            <u>**Money Damages Requested**</u> ☒

<u>**Commencement of Action**</u>:            <u>**Amount in Controversy**</u>:

Complaint                    $50,000 or less

## Case Type and Code

Tort:

Motor Vehicle

**Other:**

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**JACOBS & COMEROTA**
By: Anthony J. Comerota, Esquire
ID No.: 205212
Duane Morris Plaza, Suite 810
30 S. 17th Street
Philadelphia, PA 19103                                        Attorneys for Plaintiff
267-687-0379

| | | |
|---|---|---|
| STEPHEN AUGUSTINE, | : | COURT OF COMMON PLEAS |
| | : | MONTGOMERY COUNTY |
| Plaintiff, | : | |
| v. | : | |
| | : | NO.: |
| DARRELL HICKS and | : | |
| 2 SHARPE TRUCKING, LLC and | : | |
| OAKLEY TANK LINES, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Montgomery Bar Associates
LAWYER REFERRAL & INFO.
100 W. Airy Street
Norristown, PA 19401
(610) 279-9660

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas dispuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos iportantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA QUE SE ENCUENTRA ESCRITA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED INFORMACION SOBRE EMPLEAR A UN ABOGADO. SI USTED NO TIENE SUFICIENTE DINERO PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACION SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGAL A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGUN HONORARIO.

Asociacion de Licenciados
de Montgomery
Servicio de Referencia e Informacion
100 W. Airy Street
Norristown, PA 19401
(610) 279-9660

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**JACOBS & COMEROTA**
By: Anthony J. Comerota, Esquire
ID No.: 205212
Duane Morris Plaza, Suite 810
30 S. 17th Street
Philadelphia, PA 19103                              **Attorneys for Plaintiff**
267-687-0379

| | | |
|---|---|---|
| STEPHEN AUGUSTINE | : | COURT OF COMMON PLEAS |
| 384 Ben Franklin Highway | : | MONTGOMERY COUNTY |
| Douglasville, PA 19518, | : | |
| | : | |
| Plaintiff, | : | NO.: |
| v. | : | |
| | : | |
| DARRELL HICKS | : | |
| 13001 Chipstead Road | : | |
| Chester, VA 23831 | : | |
| | : | |
| and | : | |
| | : | |
| 2 SHARPE TRUCKING, LLC | : | |
| 13001 Chipstead Road | : | |
| Chester, VA 23831 | : | |
| | : | |
| and | : | |
| | : | |
| OAKLEY TANK LINES, INC. | : | |
| 5115 Prince George Drive | : | |
| Prince George, VA 23875, | : | |
| Defendants. | : | |

## COMPLAINT- MOTOR VEHICLE ACCIDENT

1.      Plaintiff STEPHEN AUTUSTINE is an adult individual and resident of the Commonwealth of Pennsylvania residing therein at the above referenced address.

2.      Plaintiff DARRELL HICKS is an adult individual and resident of the Commonwealth of Virginia residing therein at the above-referenced address.

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3.      Defendant 2 SHARPE TRUCKING, LLC is a corporation or similar entity authorized to conduct business in the City of Philadelphia and Commonwealth of Pennsylvania with a business address located at 13001 Chipstead Road, Chester, VA 23831.

4.      Defendant OAKLEY TANK LINES, INC. is a corporation or similar entity authorized to conduct business in the City of Philadelphia and Commonwealth of Pennsylvania with a business address located at 5115 Prince George Drive, Prince George, VA 23875.

5.      At all relevant times, defendants 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC. regularly conducted business in the City and County of Philadelphia, routinely and habitually conducting pick-ups and deliveries of freight at various locations in Philadelphia County and Montgomery County.

6.      At all relevant times, defendants 2 SHARPE TRUCKING, LLC and/or OAKLEY TANK LINES, INC. owned a semi-tractor-trailer-truck consisting of a 2014 Peterbilt semi-tractor attached to a tractor with VIN number 1XPHD49XXED218816 (herein collectively: "tractor trailer"), and negligently entrusted this tractor trailer to its employee DARRELL HICKS.

7.      At all relevant times defendant DARRELL HICKS was driving the tractor trailer with the express and implied knowledge, consent, and permission of 2 SHARPE TRUCKING, LLC and/or OAKLEY TANK LINES, INC. as their agent, workman, or employee.

8.      On September 23, 2022, at approximately 2:45 pm, plaintiff STEPHEN AUGUSTINE was driving his Chevrolet pickup truck northbound with a green traffic signal on Stanbridge Street at its intersection with West Germantown Pike, East Norriton Township, Mongomery County, Pennsylvania.

9.      At approximately the same time and place, defendant DARRELL HICKS was driving the tractor trailer owned by 2 SHARPE TRUCKING, LLC and/or OAKLEY TANK

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

LINES, INC. eastbound on Germantown Pike when suddenly and without warning he caused his tractor trailer to crash into the drivers side of plaintiff's pickup truck, causing personal injuries to plaintiff.

10.    This crash was caused solely by the negligence of the defendants and was not due to any act or failure to act on the part plaintiff Mr. Augustine.

## COUNT I – NEGLIGENCE

## PLAINTIFF v. DARRELL HICKS

11.    The preceding paragraphs are incorporated by reference.

12.    Defendant DARRELL HICKS was negligent and careless in the following ways:

a.    Failing to have his tractor trailer under proper and adequate control under the circumstances;

b.    Failing to maintain a sharp lookout of the road and surrounding traffic conditions;

c.    Failing to avoid striking the vehicle being driven by plaintiff STEPHEN AUGUSTINE when he saw, or in the exercise of reasonable care should have seen plaintiff's pickup truck;

d.    Entering an intersection without proper clearance; and,

e.    Failing to exercise due care and caution under the circumstances, particularly by proceeding into the subject intersection without proper clearance despite the presence of plaintiff's pickup truck.

**WHEREFORE**, plaintiff demands judgment against the defendants DARRELL HICKS and 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC., individually, jointly and/or severally in an amount that does not exceed the applicable arbitration limits.

4

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT II – NEGLIGENCE

## PLAINTIFF v. 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, LLC

13.    The preceding paragraphs are incorporated by reference.

14.    Defendants 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC. were negligent and careless in the following ways:

   a.    Vicarious liability/respondeat superior liability for the actions of their employee DARRELL HICKS, who was driving defendants' tractor trailer within the course and scope of his employment;

   b.    Negligent entrustment of the use and operation of their tractor trailer to DARRELL HICKS when defendants knew or should have known their tractor trailer would be driven negligently by Mr. Hicks; and,

   c.    Failing to properly train and supervise DARRELL HICKS.

   **WHEREFORE**, plaintiff demands judgment against the defendants DARRELL HICKS and 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC., individually, jointly and/or severally in an amount that does not exceed the applicable arbitration limits.

## COUNT III – BODILY INJURY

## PLAINTIFF v. DEFENDANTS

15.    The preceding paragraphs are incorporated by reference.

16.    As a direct result of the negligence and carelessness of the defendants, plaintiff STEPHEN AUGUSTINE injured his neck, shoulders, back, hips and knees causing and/or aggravating a left rotator cuff tear, together with various other injuries, the exact extent of which are unknown at this time, but may be of a permanent nature with disabilities and loss of function.

17.    As a result of defendants' negligence and carelessness, plaintiff STEPHEN AUGUSTINE has in the past suffered and may in the future suffer great physical pain and anguish; he has suffered a loss of the enjoyment of his usual and daily activities; and, he has in

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the past and may in the future be hindered from engaging in his usual and daily duties, occupations, pleasures and activities.

18.     As a further result of defendants' negligence, plaintiff sought medical attention and incurred various expenses, and he may need to continue to incur further expenses in the future.  Furthermore, plaintiff's pickup truck suffered property damage requiring Mr. Austine's payment of a deductible for which he has not yet been compensated.

19.     As a direct and proximate result of the defendants' negligence and carelessness, plaintiff has in the past and will in the future suffer an inability to perform his usual and daily duties, labors and avocations and has in the past and will in the future suffer lost wages.

**WHEREFORE**, plaintiff demands judgment against the defendants DARRELL HICKS and 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC., individually, jointly and/or severally in an amount that does not exceed the applicable arbitration limits.

LAW OFFICES OF TODD B. JACOBS, LLC

BY: _____

ANTHONY J. COMEROTA
Counsel for Plaintiff

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

I, STEPHEN AUGUSTINE, hereby verify that I am the plaintiff in this action; and have read the foregoing Complaint and the statements made therein are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

ID ZhkrRJxDRYcwn3HktmkkrEmd

STEPHEN AUGUSTINE

DATED: ___1/11/2024___

7

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 10:00 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# eSignature Details

**Signer ID:**      **ZhkrRJxDRYcwn3HktmkkrEmd**
Signed by:          Stephen Augustine
Sent to email:      bigdawgauggie@yahoo.com
IP Address:         172.56.217.75
Signed at:          Jan 11 2024, 4:38 pm EST

**EXHIBIT "B"**

**[The Answer]**

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

AUGUSTINE, STEPHEN
vs.                                                    NO.     2024-03000
HICKS, DARRELL

### COVER SHEET OF RESPONDENT

Date of Filing May 23  2024                Respondent  DARRELL HICKS AND 2
                                           SHARPE TRUCKING, LLC
Counsel for Respondent  KAREN M. MASCHKE, ESQUIRE          I.D. No. 203168

Counsel's email address:  KAREN.MASCHKE@AMTRUSTGROUP.COM

Document Filed (Specify)  ANSWER TO COMPLAINT WITH NEW MATTER

_____

**RULE RETURN DATE of Motion** _____

07/23

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

TO ALL PARTIES: YOU ARE HEREBY NOTIFIED TO FILE A
WRITTEN RESPONSE TO THE ENCLOSED ANSWER WITH NEW
MATTER WITHIN 20 DAYS FROM SERVICE HEREOF OR A
JUDGMENT MAY BE ENTERED AGAINST YOU.

Legal File No. 3560949-3/KMM
LAW OFFICES
**MacDONALD & HERFORTH**
By: Karen M. Maschke, Esquire – Attorney ID 203168
308 Harper Drive, Suite 300
Moorestown, New Jersey 08057
(856) 235-8020    FAX (856) 528-3455
Karen.Maschke@amtrustgroup.com
**Attorneys for Defendants, Darrell Hicks and 2 Sharpe Trucking, LLC**

| | | |
|---|---|---|
| STEPHEN AUGUSTINE | : | COURT OF COMMON PLEAS MONTGOMERY COUNTY |
| Plaintiff | : | |
| v. | : | NO.: 2024-03000 |
| DARRELL HICKS; 2 SHARPE TRUCKING, LLC; and OAKLEY TANK LINES, INC. | : | |
| Defendants | : | |
| | : | |

### DEFENDANT, DARRELL HICKS and 2 SHARPE TRUCKING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

1.      Denied.  After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

2.      Denied.  After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

3.      Admitted only that 2 Sharpe Trucking, LLC is a limited liability company with a place of business at the stated address.

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4.      Denied.  After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

5.      Denied.  After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

6.      Admitted only that answering defendant owned the cab portion of the tractor trailer.

7.       To the extent, if at all, the averments contained in this paragraph are not conclusions of law to which no response is required, they are denied.  Strict proof thereof is demanded at the time of trial.

8.      Denied.  After reasonable investigation, answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

9.       Denied.  Answering defendants deny all liability in this matter.

10.     To the extent, if at all, the averments contained in this paragraph are not conclusions of law to which no response is required, they are denied.  It is specifically denied that answering defendants were in any way careless or negligent.  To the contrary, answering defendants acted reasonably and with due care at all times.  All liability lies with Plaintiff, whose own negligent actions in running a red light caused the collision. Strict proof thereof is demanded at the time of trial.

## COUNT I- PLAINTIFF v. DARRELL HICKS

11.     Answering defendants incorporate by references their responses to all paragraphs above as if the same were set forth at length herein.

12.     To the extent, if at all, the averments contained in this paragraph and its subparts are not conclusions of law to which no response is required, they are denied.  It is specifically denied that answering defendants were in any way careless or negligent.  To the contrary, answering defendant acted reasonably and with due care at all times. Strict proof thereof is demanded at the time of trial.

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE,** answering defendants pray that the plaintiff's Complaint be dismissed or that judgment be rendered wholly in favor of answering defendants.

## COUNT II
## PLAINTIFF v. 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, LLC

13.    Answering defendants incorporate by references their responses to all paragraphs above as if the same were set forth at length herein.

14.  To the extent, if at all, the averments contained in this paragraph and its subparts are not conclusions of law to which no response is required, they are denied.  It is specifically denied that answering defendants were in any way careless or negligent.  To the contrary, answering defendant acted reasonably and with due care at all times. Strict proof thereof is demanded at the time of trial.

**WHEREFORE,** answering defendants pray that the plaintiff's Complaint be dismissed or that judgment be rendered wholly in favor of answering defendants.

## COUNT III- PLAINTIFF v DEFENDANTS

15.    Answering defendants incorporate by references their responses to all paragraphs above as if the same were set forth at length herein.

16.    To the extent, if at all, the averments contained in this paragraph are not conclusions of law to which no response is required, they are denied as, after reasonable investigation, answering defendants lack knowledge or information sufficient to form a belief as to the truth, nature or extent of any damages alleged by plaintiff.  Answering defendants deny any allegation of negligence and/or carelessness and further denies liability to plaintiff for any damages alleged.

17.    To the extent, if at all, the averments contained in this paragraph are not conclusions of law to which no response is required, they are denied as, after reasonable investigation, answering defendants lack knowledge or information sufficient to form a belief as to the truth, nature or extent

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of any damages alleged by plaintiff. Answering defendants deny any allegation of negligence and/or carelessness and further denies liability to plaintiff for any damages alleged.

18. To the extent, if at all, the averments contained in this paragraph are not conclusions of law to which no response is required, they are denied as, after reasonable investigation, answering defendants lack knowledge or information sufficient to form a belief as to the truth, nature or extent of any damages alleged by plaintiff. Answering defendants deny any allegation of negligence and/or carelessness and further denies liability to plaintiff for any damages alleged.

19. To the extent, if at all, the averments contained in this paragraph are not conclusions of law to which no response is required, they are denied as, after reasonable investigation, answering defendants lack knowledge or information sufficient to form a belief as to the truth, nature or extent of any damages alleged by plaintiff. Answering defendants deny any allegation of negligence and/or carelessness and further denies liability to plaintiff for any damages alleged.

**WHEREFORE,** answering defendants pray that the plaintiff's Complaint be dismissed or that judgment be rendered wholly in favor of answering defendants.

## <u>NEW MATTER</u>

By way of further answer Defendants aver the following New Matter:

1. Answering Defendants performed each and every duty they owed to the Plaintiff and any other party.

2. Answering Defendants were guilty of no negligence which was the proximate cause of the accident herein.

3. The injuries of which the Plaintiff complains, if any, were caused by the negligence and/or comparative negligence of the Plaintiff, and these Defendants are not liable, therefore.

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4.      The injuries and damages of which Plaintiff complains, if any, were caused by the negligence and/or contributory negligence of all of the Co-defendants, and these Defendants are not liable, therefore.

5.      Plaintiff's injuries and damages, if any, were the result of the negligence of persons not parties to this action and these Defendants are not liable, therefore.

6.      Plaintiff's injuries and damages, if any, were the result of circumstances over which these Defendants had no control or right to control and these Defendants are not liable, therefore.

7.      The damages alleged by Plaintiff may have been caused or contributed to by Plaintiff and, therefore, Plaintiff's claims are appropriately reduced by the Pennsylvania Comparative Negligence Act.

8.      Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

9.      Answering Defendants breached no duty owed to Plaintiff.

10.     Plaintiff's claims may be barred by the Doctrines of *res judicata*, waiver, estoppel or the applicable Statute of Limitations.

11.     Plaintiff's injuries/damages, if any, may have been caused by third parties or instrumentalities over which answering Defendants have no control, and therefore, had no responsibility for.

12.     Plaintiff has failed to mitigate her damages.

13.     Plaintiff knowingly may have exposed herself to an obvious risk, and therefore caused her own alleged injuries.

14.     Answering Defendants' conduct was not a substantial factor in the cause of any of Plaintiff's alleged injuries/damages.

15.     Plaintiff's alleged injuries may have been caused by, or been superimposed upon, a pre-existing medical condition.

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

16.     Plaintiff suffered no damages.

17.     Answering Defendants incorporate by reference the New Matter set forth in Pa.R.C.P. 1030 and required by Pa.R.C.P. 1032 to the extent that those defenses are applicable.

18.     Answering Defendants owed no duty to plaintiff.

19.     Defendants assert the benefits, limitations and exclusions of the appropriate Statute of Limitations and aver that all claims and crossclaims are limited or barred.

20.     Defendants assert the benefits, limitations and exclusions of the Pennsylvania Motor Vehicle Financial Responsible Act and aver that all claims and crossclaims are limited or barred.

21.     Defendants assert the defense of the doctrine of Sudden Emergency.

22.     Plaintiff assumed the risk of all injuries and damages.

23.     There was no causation between the accident and Plaintiff's injuries.

24.     Plaintiff's own negligence, carelessness and recklessness caused the accident in question.

25.     Plaintiff disobeyed a red traffic light, proceeding through the intersection is blatant disregard for the same, causing this accident.

**WHEREFORE,** answering Defendants pray that the Plaintiff's Complaint be dismissed or that judgment be rendered wholly in favor of answering Defendants.

*MacDonald & Herforth*

Date:    5/21/2024              BY: _____
                                        Karen M. Maschke, Esquire

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Legal File No. 3560949-3/KMM
LAW OFFICES
**MacDONALD & HERFORTH**
By:  Karen M. Maschke, Esquire – Attorney ID 203168
308 Harper Drive, Suite 300
Moorestown, New Jersey 08057
(856) 235-8020    FAX (856) 528-3455
Karen.Maschke@amtrustgroup.com
**Attorneys for Defendants, Darrell Hicks and 2 Sharpe Trucking, LLC**

| | | |
|---|---|---|
| STEPHEN AUGUSTINE | : | COURT OF COMMON PLEAS MONTGOMERY COUNTY |
| Plaintiff | : | |
| | | NO.: 2024-03000 |
| v. | : | |
| DARRELL HICKS; 2 SHARPE TRUCKING, LLC; and OAKLEY TANK LINES, INC. | : | |
| | : | |
| Defendants | : | |
| | : | |

## <u>ATTORNEY VERIFICATION</u>

I, Karen M. Maschke, Esquire, of the MacDonald & Herforth, verify that I am the attorney for the defendant in this action and that the foregoing pleading is true and correct to the best of my knowledge, information and belief.  I make this verification in lieu of the defendant because the verification of the defendant could not be obtained within the time allowed for filing this pleading. It is anticipated that the verification of the defendant will be substituted for my verification at the earliest practicable time.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

**MacDonald & Herforth**

*Karen M Maschke*

Date: _____5/21/2024_____    BY: _____
                                     Karen M. Maschke , Esquire

Case# 2024-03000-9 Docketed at Montgomery County Prothonotary on 05/23/2024 8:07 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Legal File No. 3560949-3/KMM
LAW OFFICES
**MacDONALD & HERFORTH**
By: Karen M. Maschke, Esquire – Attorney ID 203168
308 Harper Drive, Suite 300
Moorestown, New Jersey 08057
(856) 235-8020    FAX (856) 528-3455
Karen.Maschke@amtrustgroup.com
**Attorneys for Defendants, Darrell Hicks and 2 Sharpe Trucking, LLC**

| | | |
|---|---|---|
| STEPHEN AUGUSTINE | : | COURT OF COMMON PLEAS |
| | | MONTGOMERY COUNTY |
| Plaintiff | : | |
| | | NO.: 2024-03000 |
| v. | : | |
| | | |
| DARRELL HICKS; 2 SHARPE TRUCKING, LLC; and OAKLEY TANK LINES, INC. | : | |
| | : | |
| Defendants | | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

Karen M. Maschke, Esquire, of MacDonald & Herforth, hereby certifies that a true and correct copy of defendants, Darrell Hicks and 2 Sharpe Trucking, LLC's  Answer to Plaintiff's Complaint with New Matter was served on all counsel of record via electronic filing on today's date May 21, 2024.

MacDonald & Herforth

Date:    5/22/2024          BY: _____
                                Karen M. Maschke , Esquire

**EXHIBIT "C"**

**[Stipulation of Discontinuance]**

Case# 2024-03000-39 Docketed at Montgomery County Prothonotary on 10/20/2025 10:41 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

DONALD BURNS, ESQUIRE
Attorney I.D.#: 315707
BUNKER & RAY
436 Walnut Street, WA01A
Philadelphia, Pennsylvania 19106
donald.burns@bunkerray.com
(215) 845-6150 Fax: (215) 569-0284

Attorneys for Defendant Oakley
Tank Lines, Inc.

| | |
|---|---|
| STEPHEN AUGUSTINE<br><br>        Plaintiff<br><br>v.<br><br>DARRELL HICKS; 2 SHARPE TRUCKING, LLC.;<br>AND OAKLEY TANK LINES, INC.<br><br>        Defendant(s) | COURT OF COMMON PLEAS<br>MONTGOMERY COUNTY<br>CIVIL DIVISION - LAW<br><br>NO. 2024-03000 |

## <u>STIPULATION FOR DISCONTINUANCE</u>

TO THE PROTHONOTARY:

It is hereby stipulated and agreed among all counsel listed below that this matter be discontinued with prejudice as to Defendant Oakley Tank Lines, Inc., only.

The Stipulation may be executed in one or more counterparts, all of which taken together shall constitute the Stipulation in the same force and effect as if all signatures have been entered on a single document. Photocopies, facsimile copies, and email copies shall be deemed to be originals for all purposes.

_____
Anthony J. Comerota, Esquire, Jacobs & Comerota
Attorneys for Stephen Augustine, Plaintiff

_____
Nigel A. Greene, Esquire, Wilson Elser Moskowitz Edelman & Dicker LLP
Attorneys for Darrell Hicks, Defendant
Attorneys for 2 Sharpe Trucking, LLC, Defendant

_____
Donald Burns
Ray, Post, Young & Barbich
Attorneys for Defendant Oakley Tank Lines, Inc.

**EXHIBIT "D"**

**[Plaintiff's Motion to Amend]**

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

AUGUSTINE, STEPHEN

             VS.                NO.    2024-03000

HICKS, DARRELL

## **COVER SHEET OF MOVING PARTY**

Date of Filing <u>December 05  2025</u>    Moving Party <u>STEPHEN AUGUSTINE</u>

Counsel for Moving Party <u>ANTHONY J COMEROTA, ESQ., ID: 205212</u>

Counsel's email address: <u>ANTHONY@JCINJURYLAW.COM</u>

Document Filed (Specify) <u>MOTION</u>

If a motion to compel discovery, state the Court-ordered Discovery Deadline: <u>N/A</u>
(failure to complete this space will result in the motion being stricken)

------------------------------------------------------------------------------------------------------------------

**CERTIFICATIONS** - Check **ONLY** if appropriate:

_____ Counsel certify that they have conferred in a good faith effort to resolve the subject <u>discovery</u> dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_____ Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all parties involved in the case.  (If checked, skip Rule to Show Cause section below.)

------------------------------------------------------------------------------------------------------------------

**RULE TO SHOW CAUSE** - Check **ONE** of the Choices Listed Below:

_____ Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing an **answer** in the form of a **written response** at the **Office of the Prothonotary** on or before the           day of               20

_____ Respondent is directed to show cause, in the form of a **written response**, why the attached Family Court Discovery Motion is not entitled to the relief requested.  Rule Returnable and Argument the       day of              , 20__ at **1:00 p.m.**  at **321 Swede Street, Norristown, PA.**

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania Rules of Civil Procedure.

_____ Rule Returnable at time of trial.

By: _____

          Court Administrator

7/23

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| STEPHEN AUGUSTINE | :    MONTGOMERY COUNTY |
| | :    COURT OF COMMON PLEAS |
| v. | : |
| | :    No. 2024-0300 |
| DARRELL HICKS and | : |
| 2 SHARPE TRUCKING, LLC | : |

## ORDER

AND NOW, this _____ day of _____, 202___, upon consideration of Plaintiff's Motion to Amend Complaint and Transfer from Arbitration to Major List, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. This matter is hereby transferred from Arbitration to Major List. A new scheduling order will issue.

BY THE COURT:

_____
                                    J.

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**JACOBS & COMEROTA**
By:    Anthony J. Comerota, Esquire
ID No.: 205212                                    Attorney for Plaintiff,
Suite 810                                          Stephen Augustine
Duane Morris Plaza
30 S. 17th Street
Philadelphia, PA 19103
267-687-0379

| | |
|---|---|
| STEPHEN AUGUSTINE | :    MONTGOMERY COUNTY |
| | :    COURT OF COMMON PLEAS |
|      v. | : |
| | :    No. 2024-0300 |
| DARRELL HICKS and | : |
| 2 SHARPE TRUCKING, LLC | : |

### PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TRANSFER FROM ARBITRATION TO MAJOR LIST

Plaintiff Stephen Augustine, by and through undersigned counsel, hereby requests this Honorable Court grant him approval to amend the Complaint and transfer this lawsuit from the Compulsory Arbitration Program to Major List.  In support thereof, plaintiff avers as follows:

1.     Plaintiff commenced this action by filing a Complaint on or about February 2, 2024.  A copy of plaintiff's Complaint is attached as **Exhibit "A."**

2.     This lawsuit arises out of a trucking accident that occurred on September 23, 2022.  On that date, plaintiff was driving his pickup truck when he was struck in T-bone fashion by a tractor trailer being driven by out-of-state trucking defendant Darrell Hicks.  *See* Exhibit A, at ¶¶ 8-9.

3.     As a result of the accident, plaintiff suffered a torn rotator cuff in his left shoulder, among other injuries.  *See* Exhibit A at ¶ 16.

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4.      This was a serious trucking accident; in addition to causing plaintiff's torn rotator cuff requiring surgical repair, the accident also aggravated much of plaintiff's underlying knee and hip arthritis. Bradley Smith, MD, one of plaintiff's orthopedic doctors at Rothman Institute, concluded as follows:

> He feels he got hit by a truck because basically he did get hit by a truck. He was an unrestrained driver rear-ended by a tractor trailer. The motor vehicle accident was 9/23/22. He has had significant pain since that injury. He does have a significant amount of underlying arthritis that is exacerbated by the accident. There is some mild to moderate DJD of both hips, but there is advanced arthritis of both knees. Both knees are hurting, the right hip is hurting. The right hip seems to be hurting the most and given the trauma concern underlying occult fracture that does not show up on the x-rays because he states he is having a significant difficult time walking. Recommend he get MRI of the right hip to rule out underlying occult fracture not seen on the x-rays.
>
> As for his shoulder he is due to see one of the surgeons on our shoulder team for evaluation of the shoulder pain after the motor vehicle injury. For now he can weight-bear as tolerated, he should try to take it easy, he will get the MRI of the hip and follow-up with me afterwards to review it.
>
> I am hoping there is no significant injuries to the shoulder or the hip. But at minimum he has significant exacerbation of underlying arthritis of the hip and both knees.

*See* office note of Dr. Bradley Smith/Rothman Institute attached as **Exhibit "B,"** at pp. 3-4

5.      Dr. Smith did perform arthroscopic surgery on plaintiff's left shoulder, but ultimately referred plaintiff to Penn Presbyterian for ongoing evaluation of the knees and hips.

6.      Eventually, plaintiff received surgery to both knees, and he is presently scheduled to have follow-up surgical consult for his left hip at Penn Presbyterian on January 5, 2026.

7.      Because of this updated treatment involving surgery to both knees and the upcoming plan for surgery to the hip, there is now potential for the damages at issue in this case to exceed the $50,000 cap

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

imposed upon arbitration-level cases, even after accounting for the mitigating factor of aggravation, and even after accounting for plaintiff's potential comparative fault.

8.　　　　Because plaintiff's **potentially** **recoverable** compensatory damages exceed the maximum amount recoverable through compulsory arbitration, plaintiff respectfully requests amendment to his complaint (such that damages at issue are now "in excess of the arbitration limits") so that this case is transferred from arbitration to major list.[1]

9.　　　　Pennsylvania Rule of Civil Procedure 1033(a) provides in pertinent part:

> **Rule 1033.  Amendment**
>
> 　(a) A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, *or otherwise amend the pleading*. *The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action* or defense.  An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa. R.C.P. 1033(a) (emphasis added).

10.　　　Our Supreme Court has stated:

> It has been firmly established that the right to amend a pleading is a matter of judicial discretion and *should be liberally granted at any stage of a proceeding* unless it constitutes surprise which results in prejudice to an adverse party.

*Robinson Protection Alarm Co. v. Bolger & Picker*, 512 Pa. 116, 121, 516 A.2d 299, 302 (1986) (emphasis added).

---

[1] Plaintiff requests a jury trial and will pay the fee if this Motion is granted and the case is transferred to Major List.  To submit this matter to Compulsory Arbitration would be a waste of the Court's time and resources, because an Arbitration award at the maximum level of $50,000.00 would be appealed by plaintiff, as said sum is insufficient to satisfy any outstanding liens and properly compensate plaintiff, given the nature and permanency of his injuries.

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

11.    And long before the recent amendments to Pa. R.C.P. 1033, our Supreme Court stated:

> Of course, after the statute of limitations has run, a plaintiff may not introduce a new cause of action **but he may amend by the introduction of an additional element or an added claim of damage arising from the same circumstances or may amplify what has already been averred so long as the same negligence is charged as that set out in the original statement.**

*Schwab v. P.J. Oesterling & Son, Inc.*, 386 Pa. 388, 393, 126 A.2d 418, 421 (1956) (internal quotations/citations omitted) (emphasis added).

12.    Beyond this, amendment of the *ad damnum* in plaintiff's Complaint to transfer to major list would further the interests of judicial economy because it would allow plaintiff's damages to be assessed with a single trial rather than requiring the parties to seek appeal after an arbitration hearing where excess damages are molded to the statutory maximum of $50,000.

13.    For these reasons, plaintiff Stephen Augustine respectfully requests amendment pursuant to Pa. R.C.P. 1033 and transfer from Compulsory Arbitration to Major List.

WHEREFORE, plaintiff Stephen Augustine respectfully requests this Honorable Court grant his Motion to Amend Complaint and Transfer from Arbitration to Major List, and enter an Order in the form annexed hereto.

Respectfully submitted,

**JACOBS & COMEROTA**

By:  _____

ANTHONY J. COMEROTA, ESQUIRE
Attorney for Plaintiff,
Stephen Augustine

Date:  December 5, 2025

- 4 -

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

Anthony J. Comerota, Esquire, hereby states that he is counsel for plaintiff, Stephen Augustine, in this action and verifies that the statements made in the foregoing Plaintiff's Motion to Transfer from Arbitration to Major List are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements made therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

By: _____
ANTHONY J. COMEROTA, ESQUIRE
Attorney for Plaintiff,
Stephen Augustine

Date: December 5, 2025

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**JACOBS & COMEROTA**
By:     Anthony J. Comerota, Esquire
ID No.: 205212
Suite 810
Duane Morris Plaza
30 S. 17th Street
Philadelphia, PA 19103
267-687-0379

Attorney for Plaintiff,
Stephen Augustine

| | |
|---|---|
| STEPHEN AUGUSTINE | : MONTGOMERY COUNTY |
| | : COURT OF COMMON PLEAS |
| v. | : |
| | : No. 2024-0300 |
| DARRELL HICKS and | : |
| 2 SHARPE TRUCKING, LLC | : |

## CERTIFICATE OF SERVICE

I, Anthony J. Comerota, Esquire, do hereby certify that a copy of Plaintiff's Motion to Transfer from

Arbitration to Major List was electronically filed on this 5th day of December, 2025 and thereafter served

through the Court's electronic filing system upon the following:

Nigel A. Greene, Esquire
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
Two Commerce Square
2001 Market Street - Suite 3100
Philadelphia, PA  19103
*Counsel for Darrell Hicks and*
*2 Sharpe Trucking, LLC*

**JACOBS & COMEROTA**

By:     _____
ANTHONY J. COMEROTA, ESQUIRE
Attorney for Plaintiff,
Stephen Augustine

Date:   December 5, 2025

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**JACOBS & COMEROTA**
By:    Anthony J. Comerota, Esquire
ID No.: 205212                                          Attorney for Plaintiff,
Suite 810                                                Stephen Augustine
Duane Morris Plaza
30 S. 17th Street
Philadelphia, PA 19103
267-687-0379

| | | |
|---|---|---|
| STEPHEN AUGUSTINE | : | MONTGOMERY COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | No. 2024-0300 |
| DARRELL HICKS and | : | |
| 2 SHARPE TRUCKING, LLC | : | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TRANSFER FROM ARBITRATION TO MAJOR LIST

**I.    MATTER BEFORE THE COURT**

Plaintiff's Motion to Amend Complaint and Transfer from Arbitration to Major List.  Moving plaintiff respectfully requests this Honorable Court enter an order transferring this matter from Arbitration to Major List.

**II.    STATEMENT OF QUESTION INVOLVED**

    **A.    Should The Instant Motion To Transfer From Arbitration To Major List Be Granted Where Developments in Plaintiff's Medical Treatment Reveal That A Maximum Award Of The Arbitration Limits Would Be Insufficient To Properly Compensate Plaintiff?**

    <u>Suggested Answer</u>:  Yes.

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## III.  FACTS

For the sake of brevity, moving plaintiff incorporates by reference the facts set forth in his Motion to Amend Complaint and Transfer as though more fully set forth herein at length. Suffice it to say, plaintiff suffered a torn rotator cuff and additional aggravation injuries to his underlying knee and hip arthritis. He filed suit in the Compulsory Arbitration Program because the knee and hip injuries were aggravation injuries. However, ongoing treatment required surgery to both knees, and he is presently scheduled to have follow-up surgical consult for his left hip at Penn Presbyterian on January 5, 2026. This warrants transfer to Major List.

## IV.  LEGAL ARGUMENT

**A.  The Instant Motion To Transfer From Arbitration To Major List Should Be Granted Where Plaintiff's Updated Treatment Reveals That A Maximum Award Of The Arbitration Limits Would Be Insufficient To Properly Compensate Plaintiff.**

The accident giving rise to this lawsuit was a serious trucking accident; in addition to causing plaintiff's torn rotator cuff requiring surgical repair, the accident also aggravated much of plaintiff's underlying knee and hip arthritis. Bradley Smith, MD, one of plaintiff's orthopedic doctors at Rothman Institute, concluded as follows:

> He feels he got hit by a truck because basically he did get hit by a truck. He was an unrestrained driver rear-ended by a tractor trailer. The motor vehicle accident was 9/23/22. He has had significant pain since that injury. He does have a significant amount of underlying arthritis that is exacerbated by the accident. There is some mild to moderate DJD of both hips, but there is advanced arthritis of both knees. Both knees are hurting, the right hip is hurting. The right hip seems to be hurting the most and given the trauma concern underlying occult fracture that does not show up on the x-rays because he states he is having a significant difficult time walking. Recommend he get MRI of the right hip to rule out underlying occult fracture not seen on the x-rays.

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

> As for his shoulder he is due to see one of the surgeons on our shoulder team for evaluation of the shoulder pain after the motor vehicle injury. For now he can weight-bear as tolerated, he should try to take it easy, he will get the MRI of the hip and follow-up with me afterwards to review it.
>
> I am hoping there is no significant injuries to the shoulder or the hip. But at minimum he has significant exacerbation of underlying arthritis of the hip and both knees.

*See* **Exhibit B** at pp. 3-4

Dr. Smith did perform arthroscopic surgery on plaintiff's left shoulder, but ultimately referred plaintiff to Penn Presbyterian for ongoing evaluation of the knees and hips. Eventually, plaintiff received surgery to both knees, and he is presently scheduled to have follow-up surgical consult for his left hip at Penn Presbyterian on January 5, 2026.

Because of this updated treatment involving surgery to both knees and the upcoming plan for surgery to the hip, there is now potential for the damages at issue in this case to exceed the $50,000 cap imposed upon arbitration-level cases, even after accounting for the mitigating factor of aggravation, and even after accounting for plaintiff's potential comparative fault. Because plaintiff's **potentially recoverable** compensatory damages exceed the maximum amount recoverable through compulsory arbitration, plaintiff respectfully requests amendment to his complaint (such that damages at issue are now "in excess of the arbitration limits") so that this case is transferred from arbitration to major list.

Pennsylvania Rule of Civil Procedure 1033(a) provides in pertinent part:

**Rule 1033. Amendment**

(a) A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, ***or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the***

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

> ***original pleading***, ***even though they give rise to a new cause of action*** or defense. An amendment may be made to conform the pleading to the evidence offered or admitted**.**

Pa. R.C.P. 1033(a) (emphasis added).

Our Supreme Court has stated:

> It has been firmly established that the right to amend a pleading is a matter of judicial discretion and ***should be liberally granted at any stage of a proceeding*** unless it constitutes surprise which results in prejudice to an adverse party.

*Robinson Protection Alarm Co. v. Bolger & Picker*, 512 Pa. 116, 121, 516 A.2d 299, 302 (1986) (emphasis added).

And long before the recent amendments to Pa. R.C.P. 1033, our Supreme Court stated:

> Of course, after the statute of limitations has run, a plaintiff may not introduce a new cause of action ***but he may amend by the introduction of an additional element or an added claim of damage arising from the same circumstances or may amplify what has already been averred so long as the same negligence is charged as that set out in the original statement.***

*Schwab v. P.J. Oesterling & Son, Inc.*, 386 Pa. 388, 393, 126 A.2d 418, 421 (1956) (internal quotations/citations omitted) (emphasis added).

Beyond this, amendment of the *ad damnum* clause in plaintiff's Complaint to reflect an amount in controversy "in excess of $50,000" to transfer to major list would further the interests of judicial economy because it would allow plaintiff's damages to be assessed with a single trial rather than requiring the parties to seek appeal after an arbitration hearing where excess damages are molded to the statutory maximum of $50,000.

For these reasons, plaintiff Timothy Stephen Augustine moves for amendment pursuant to Pa. R.C.P. 1033 and requests transfer to Major List.

## V.    **RELIEF REQUESTED**

WHEREFORE, Plaintiff Stephen Augustine respectfully requests this Honorable Court grant his Motion to Amend Complaint and Transfer from Arbitration to Major List and enter an Order in the form annexed hereto.

Respectfully submitted,

JACOBS & COMEROTA

By: _____
ANTHONY J. COMEROTA, ESQUIRE
Attorney for Plaintiff,
Stephen Augustine

Date:   December 5, 2025

- 5 -

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

STEPHEN AUGUSTINE

vs.

DARRELL HICKS

NO.  2024-03000

## <u>NOTICE TO DEFEND – CIVIL</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

STEPHEN AUGUSTINE

vs.

DARRELL HICKS

NO.  2024-03000

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:    ANTHONY J COMEROTA, Esq., ID: 205212

Self-Represented (Pro Se) Litigant  ☐

**Class Action Suit**      ☐ Yes    ☒ No

**MDJ Appeal**    ☐  Yes    ☒  No        <u>Money Damages Requested</u>  ☒

<u>Commencement of Action</u>:        <u>Amount in Controversy</u>:

Complaint        $50,000 or less

## Case Type and Code

Tort: _____

Motor Vehicle _____

**Other:** _____

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/26/2024 3:00 PM, Fee = $290.00. The filee office is that it is filing completes with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**JACOBS & COMEROTA**
By:  Anthony J. Comerota, Esquire
ID No.: 205212
Duane Morris Plaza, Suite 810
30 S. 17th Street
Philadelphia, PA  19103                              Attorneys for Plaintiff
267-687-0379

---

| | | |
|---|---|---|
| STEPHEN AUGUSTINE, | : | COURT OF COMMON PLEAS |
| | : | MONTGOMERY COUNTY |
| Plaintiff, | : | |
| v. | : | |
| | : | NO.: |
| DARRELL HICKS and | : | |
| 2 SHARPE TRUCKING, LLC and | : | |
| OAKLEY TANK LINES, INC., | : | |
| | : | |
| Defendants. | : | |

---

## CIVIL ACTION COMPLAINT

### "NOTICE"

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Montgomery Bar Associates
LAWYER REFERRAL & INFO.
100 W. Airy Street
Norristown, PA  19401
(610) 279-9660

### "AVISO"

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas dispuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades o otros derechos iportantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA QUE SE ENCUENTRA ESCRITA ABAJO.  ESTA OFICINA PUEDE PROVEER DE USTED INFORMACION SOBRE EMPLEAR A UN ABOGADO.  SI USTED NO TIENE SUFICIENTE DINERO PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACION SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGAL A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGUN HONORARIO.

Asociacion de Licenciados
de Montgomery
Servicio de Referencia e Informacion
100 W. Airy Street
Norristown, PA  19401
(610) 279-9660

1

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 9:00 RM. Fee = $999.00 The filee details that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records Public Access Policy that require filing parties to redact confidential information and documents differently than non-confidential information and documents.

**JACOBS & COMEROTA**
By: Anthony J. Comerota, Esquire
ID No.: 205212
Duane Morris Plaza, Suite 810
30 S. 17th Street
Philadelphia, PA 19103                     Attorneys for Plaintiff
267-687-0379

| | | |
|---|---|---|
| STEPHEN AUGUSTINE | : | COURT OF COMMON PLEAS |
| 384 Ben Franklin Highway | : | MONTGOMERY COUNTY |
| Douglasville, PA 19518, | : | |
| | : | |
| Plaintiff, | : | NO.: |
| v. | : | |
| | : | |
| DARRELL HICKS | : | |
| 13001 Chipstead Road | : | |
| Chester, VA 23831 | : | |
| | : | |
| and | : | |
| | : | |
| 2 SHARPE TRUCKING, LLC | : | |
| 13001 Chipstead Road | : | |
| Chester, VA 23831 | : | |
| | : | |
| and | : | |
| | : | |
| OAKLEY TANK LINES, INC. | : | |
| 5115 Prince George Drive | : | |
| Prince George, VA 23875, | : | |
| Defendants. | : | |

## COMPLAINT- MOTOR VEHICLE ACCIDENT

1.     Plaintiff STEPHEN AUTUSTINE is an adult individual and resident of the Commonwealth of Pennsylvania residing therein at the above referenced address.

2.     Plaintiff DARRELL HICKS is an adult individual and resident of the Commonwealth of Virginia residing therein at the above-referenced address.

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/16/2024 9:00 AM, Fee = $299.00/0th file filed defendants that this filing complies with the provisions of 0f the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3.      Defendant 2 SHARPE TRUCKING, LLC is a corporation or similar entity authorized to conduct business in the City of Philadelphia and Commonwealth of Pennsylvania with a business address located at 13001 Chipstead Road, Chester, VA 23831.

4.      Defendant OAKLEY TANK LINES, INC. is a corporation or similar entity authorized to conduct business in the City of Philadelphia and Commonwealth of Pennsylvania with a business address located at 5115 Prince George Drive, Prince George, VA  23875.

5.      At all relevant times, defendants 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC. regularly conducted business in the City and County of Philadelphia, routinely and habitually conducting pick-ups and deliveries of freight at various locations in Philadelphia County and Montgomery County.

6.      At all relevant times, defendants 2 SHARPE TRUCKING, LLC and/or OAKLEY TANK LINES, INC. owned a semi-tractor-trailer-truck consisting of a 2014 Peterbilt semi-tractor attached to a tractor with VIN number 1XPHD49XXED218816 (herein collectively: "tractor trailer"), and negligently entrusted this tractor trailer to its employee DARRELL HICKS.

7.      At all relevant times defendant DARRELL HICKS was driving the tractor trailer with the express and implied knowledge, consent, and permission of 2 SHARPE TRUCKING, LLC and/or OAKLEY TANK LINES, INC. as their agent, workman, or employee.

8.      On September 23, 2022, at approximately 2:45 pm, plaintiff STEPHEN AUGUSTINE was driving his Chevrolet pickup truck northbound with a green traffic signal on Stanbridge Street at its intersection with West Germantown Pike, East Norriton Township, Mongomery County, Pennsylvania.

9.      At approximately the same time and place, defendant DARRELL HICKS was driving the tractor trailer owned by 2 SHARPE TRUCKING, LLC and/or OAKLEY TANK

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/26/2024 5:00 PM. Fee = $200.00 The filed defendants that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

LINES, INC. eastbound on Germantown Pike when suddenly and without warning he caused his tractor trailer to crash into the drivers side of plaintiff's pickup truck, causing personal injuries to plaintiff.

10.    This crash was caused solely by the negligence of the defendants and was not due to any act or failure to act on the part plaintiff Mr. Augustine.

## COUNT I – NEGLIGENCE

## PLAINTIFF v. DARRELL HICKS

11.    The preceding paragraphs are incorporated by reference.

12.    Defendant DARRELL HICKS was negligent and careless in the following ways:

    a.    Failing to have his tractor trailer under proper and adequate control under the circumstances;

    b.    Failing to maintain a sharp lookout of the road and surrounding traffic conditions;

    c.    Failing to avoid striking the vehicle being driven by plaintiff STEPHEN AUGUSTINE when he saw, or in the exercise of reasonable care should have seen plaintiff's pickup truck;

    d.    Entering an intersection without proper clearance; and,

    e.    Failing to exercise due care and caution under the circumstances, particularly by proceeding into the subject intersection without proper clearance despite the presence of plaintiff's pickup truck.

**WHEREFORE**, plaintiff demands judgment against the defendants DARRELL HICKS and 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC., individually, jointly and/or severally in an amount that does not exceed the applicable arbitration limits.

Case# 2024-03000-0120 Docketed at Montgomery County Prothonotary on 01/27/6520 0a 51 0:00 RM, Fee = S2900/00 T/the filee d/ff/e ist/s it/ t/ /t/a/ff/g/ra p no t/a/d es t/wit h d/ju r e p rov/ds i/ons t/d t/ t/R.a Bl/u b/ic/A c c e ss Re.Polic/y t/d t/f t/a/d f/d en t/ifi e d Winf f/e d i/.B ub/l.c/a m S y/s f/t e m of/ P a f/n n/e y/c/a a/s e/R s/e/c a/r e/s R e.c o/f/d Co/p b t/s/t s/e/p e d/a f/e a r/t/d3 r/f/a l /C o/u/rts t/t/at t/l/a/n g/u a n t/i/ng cl/a r f/d en t/ail t/n f/d o/r a t/i/c o/n a m/d o/c/a/m e d/o/c a/m e d s/d o/c/a/m e/d/s/d o/c u m e n t s.

**COUNT II – NEGLIGENCE**

**PLAINTIFF v. 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, LLC**

13.     The preceding paragraphs are incorporated by reference.

14.     Defendants 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC. were negligent and careless in the following ways:

a.     Vicarious liability/respondeat superior liability for the actions of their employee DARRELL HICKS, who was driving defendants' tractor trailer within the course and scope of his employment;

b.     Negligent entrustment of the use and operation of their tractor trailer to DARRELL HICKS when defendants knew or should have known their tractor trailer would be driven negligently by Mr. Hicks; and,

c.     Failing to properly train and supervise DARRELL HICKS.

**WHEREFORE**, plaintiff demands judgment against the defendants DARRELL HICKS and 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC., individually, jointly and/or severally in an amount that does not exceed the applicable arbitration limits.

**COUNT III – BODILY INJURY**

**PLAINTIFF v. DEFENDANTS**

15.     The preceding paragraphs are incorporated by reference.

16.     As a direct result of the negligence and carelessness of the defendants, plaintiff STEPHEN AUGUSTINE injured his neck, shoulders, back, hips and knees causing and/or aggravating a left rotator cuff tear, together with various other injuries, the exact extent of which are unknown at this time, but may be of a permanent nature with disabilities and loss of function.

17.     As a result of defendants' negligence and carelessness, plaintiff STEPHEN AUGUSTINE has in the past suffered and may in the future suffer great physical pain and anguish; he has suffered a loss of the enjoyment of his usual and daily activities; and, he has in

5

Case# 2024-03000-0 Docketed at Montgomery County Prothonotary on 02/26/2024 9:00 AM, Fee = $2000.00 This filed contains information that is not filed in a paper format and it is not identified in the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that requires filing confidential information and documents differently than non-confidential information and documents.

the past and may in the future be hindered from engaging in his usual and daily duties, occupations, pleasures and activities.

18.     As a further result of defendants' negligence, plaintiff sought medical attention and incurred various expenses, and he may need to continue to incur further expenses in the future.  Furthermore, plaintiff's pickup truck suffered property damage requiring Mr. Austine's payment of a deductible for which he has not yet been compensated.

19.     As a direct and proximate result of the defendants' negligence and carelessness, plaintiff has in the past and will in the future suffer an inability to perform his usual and daily duties, labors and avocations and has in the past and will in the future suffer lost wages.

**WHEREFORE**, plaintiff demands judgment against the defendants DARRELL HICKS and 2 SHARPE TRUCKING, LLC and OAKLEY TANK LINES, INC., individually, jointly and/or severally in an amount that does not exceed the applicable arbitration limits.

LAW OFFICES OF TODD B. JACOBS, LLC

BY: _____

ANTHONY J. COMEROTA
Counsel for Plaintiff

# <u>VERIFICATION</u>

I, STEPHEN AUGUSTINE, hereby verify that I am the plaintiff in this action; and have

read the foregoing Complaint and the statements made therein are true and correct to the best of

my knowledge, information and belief. I understand that the statements made herein are subject

to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

ID ZhkrRJxDRYcwn3HktmkkrEmd

STEPHEN AUGUSTINE

DATED: _1/11/2024_

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **ZhkrRJxDRYcwn3HktmkkrEmd** |
| Signed by: | Stephen Augustine |
| Sent to email: | bigdawgauggie@yahoo.com |
| IP Address: | 172.56.217.75 |
| Signed at: | Jan 11 2024, 4:38 pm EST |

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT B

5/20/23, 12:35 PM                                     Summary View for AUGUSTINE, STEPHEN W

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



Augustine, Stephen W
58 Y old Male, DOB: 11/31/1964
Account Number: 3
283 SAN FRANKLIN HWY E, Douglasville, PA 19517 9519
Phone: 610-637-4689
Guarantor: Augustine, Stephen    Insurance: Health Partners
Plans - Original Claims Payer ID: 44547
PCP: Birgit Wesee, MD   External Visit ID: 52039000
Appointment Facility: RI Limerick Office

10/11/2022                              New Patient Auto Case: Bradley Smith, MD

**Current Medications**
None

**Past Medical History**
  None.
  Acute/Chronic Wound No. Aids/HIV
No. Anemia No. Asthma No. Anxiety
Disorder No. Automatic Implantable
Cardioverter Defibrillator No. Bleeding
problems No. Blood Clots in Legs
No. Cancer No. Cerberal Palsy No. Chronic
Bronchitis No. Chronic Steroid Use
No. Circulatory Problems No. Currently
Pregnant No. Degenerative Joint Disease
No. Dementia No. Depression No. Diabetes
Type I No. Diabetes Type II No. Dialysis
Dependent No. Fracture/Broken Bone
No. Gout No. Heart Disease No. Congestive
Heart Failure No. Hepatitis No. High Blood
Pressure No. High Cholesterol No. Irregular
Heartbeat No. Stage I Kidney Disease
No. Stage II Kidney Disease No. Stage III
Kidney Disease No. Leg Ulcers No. Liver
Disease No. Lung Disease No. Malignant
Hyperthermia/Anesthesia Problems
No. Mental Illness No. Mini Stroke/TIA
No. MRSA No. Osteoporosis No. Peripheral
Vascular Disease No. Problems with
Anesthesia No. Recreational Drug Use
No. Rheumatoid Arthritis No. Scoliosis
No. Seizures No. Sickle Cell Disease
No. Sleep Apnea No. STAPH or MRSA
infection No. Stroke No. Thyroid Disorder
No. Endocrine Disorder No.

**Surgical History**
  GALL BLADDER
  RIGHT KNEE 1980

**Family History**
Father: deceased
Mother: alive, Cancer, diagnosed with Cancer

**Social History**
Access and Safety:
Access and Safety Do you have access to
transportation? No, Do you require
assistance with home medications? No, Do
you require assistance with activities of daily

**Reason for Appointment**
1. Rt hip
2. Rt knee

**History of Present Illness**
Activites Limited by Pain:
    Activity: Documented: ***. Pain Level: Level: 7/10.
Conservative Treatment:
    Treatments trialed during >3 month Period: Treatment: ***. MRI
performed in the last 6 months: Completed: *.
Non-Operative Sports Division:
    He comes in today as a new patient with complaints of pain in his right
hip and his knees, left knee worse than right knee. Right hip pain is mostly
felt laterally. He was involved in a motor vehicle accident 9/23/2022. He was
driving
    Got hit by full tractor-trailer. He was not wearing a seatbelt. He did hit
the dashboard. He has had pain in his right hip and both knees ever since.
There is swelling in the hip and in the knees. He is walking on it but does
have a lot of pain.
    He has been trying to take it easy but still having a lot of pain. It is
difficult to walk. He has had a bunch of imaging done as an outpatient. So far
no fractures were.
    He has a history of knee issues in the past, surgery for torn meniscus back
in 1980.
    He did much imaging done through Jefferson emergency hospital where
he was admitted after the trauma.
    Radiographs of both knees were done on 9/23/2022. The x-ray with no
acute fracture report of both knees describes bilateral tricompartmental knee
osteoarthritis and dislocation.
    X-rays of the left elbow were normal and showed no fracture or bony
abnormality.
    X-rays of the right hip were read as no acute fracture or malalignment but
moderate osteoarthritis of both hips.
    CT scan of the cervical spine was also done for the trauma and described
no acute cervical spine fracture but did show some multilevel degenerative
disc disease with a disc osteophyte complex at C5-6 causing moderate
narrowing the spinal canal and moderate facet and uncovertebral joint
hypertrophy causing varying degrees of neuroforaminal narrowing most
pronounced at C5-6 on the left.

**Vital Signs**

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

living? No. Do you have impaired
ambulation unrelated to your orthopaedic
problem? No. Have you been admitted to a
rehabilitation or nurse home in the past six
months? No. In the past 12 months, have
you been admitted to the hospital or visited
the ER? No, Fall Risk Assessment: No falls
in the past year.

Allergies
PENICILLIN

Hospitalization/Major
Diagnostic Procedure
ARM INFECTION

Ht: 72 in, Wt: 335 lbs, BMI: 45.43 Index.

Examination

Imaging:
    Radiographs X-
rays were ordered today of the right hip, bilateral knees, and left shoulder..
    Outside imaging at Jefferson 9/23/2022:I reviewed read the reports of x-
rays of the bilateral knees, right hip left elbow and CT scan of the cervical
spine and is as noted above, no fractures but there is DJD in both hips, both
knees, and his cervical spine.
    Radiographs of the right hip ordered and performed in the office and
reviewed, include AP pelvis, AP and frog lateral of the right hip shows
moderate DJD of both hips with inferomedial joint space narrowing, there is
some mild degenerative changes in the lower lumbar levels. No obvious
fracture is seen.
    X-rays of the knees ordered today in the office, taken and reviewed.
Complete x-rays of both knees shows significant lateral joint space narrowing
of the right knee and significant medial joint space narrowing of the left knee
nearly bone-on-bone on the weightbearing AP view. There is also moderate to
advanced patellofemoral DJD on the lateral and merchant views
    X-rays also done of the left shoulder because of pain in the left shoulder. 3
views left shoulder include AP, external Tatian, and scapular Y view. The x-
rays show no obvious fractures of the shoulder, there is some mild to
moderate AC joint DJD.

Non-Operative Sports Division:
    No pain with logroll of the right hip but there is pain with both passive
internal and passive external rotation of the right hip. He can do an active
straight leg raise but it is painful and mildly weak. There is normal extensor
mechanism both knees. There is mild patellar crepitus on tracking. No
significant ligamentous laxity with varus valgus stress of either knee. There is
diffuse tenderness in both knees.

Assessments
1. Right hip pain - M25.551
2. Strain of right hip, initial encounter - S76.011A
3. Shoulder pain, left - M25.512
4. Strain of left rotator cuff capsule, initial encounter - S46.012A, probable
RTC tear
5. Pain in right knee - M25.561
6. Pain in left knee - M25.562
7. Primary osteoarthritis of both knees - M17.0, worst in lateral RT knee and
medial LT knee
8. Foreign body in cornea, unspecified eye, initial encounter - T15.00XA

Treatment
**1. Right hip pain**
Start Etodolac Tablet, 400 MG, 1 tablet with food, Orally, Twice a day, 30
days, 60, Refills 1
    IMAGING: XR-Right Hip w/ Pelvis 2-3 views
    IMAGING: MRI RIGHT HIP w/o contrast (73721)(Please Give patient a
CD of Study) B/L Hip OA, moderate on the RT and mild on LT. B/L
degenerative labral tearing. Small RT hip joint effusion. No acute fx or AVN
in either hip.
    MRI RT HIP w/o contrast -- pain and weakness after MVA, XR non-
diagnostic. Eval for occult fracture of femoral neck/head or acetabulum, or

Progress Note: Bradley Smith, MD   10/21/2022

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

muscle tear Smith, Bradley J 10/11/2022 10:31:26 AM EDT > PLEASE
SEND IMAGE TO ROTHMAN PACS VIA POWER SHARE

**2. Strain of right hip, initial encounter**
IMAGING: MRI RIGHT HIP w/o contrast (73721)(Please Give patient a
CD of Study)  B/L Hip OA, moderate on the RT and mild on LT. B/L
degenerative labral tearing. Small RT hip joint effusion. No acute fx or AVN
in either hip.
MRI RT HIP w/o contrast -- pain and weakness after MVA, XR non-
diagnostic. Eval for occult fracture of femoral neck/head or acetabulum, or
muscle tear Smith, Bradley J 10/11/2022 10:31:26 AM EDT > PLEASE
SEND IMAGE TO ROTHMAN PACS VIA POWER SHARE

**3. Shoulder pain, left**
IMAGING: XR-Left Shld 2+View
IMAGING: MRI SHOULDER LEFT WO  Tendinosis of supraspinatus with
focal Full-Thickness, partial width tear at footprint. Moderate DJD of AC Jt.
Fluid in subacromial/subdeltoid bursa extending from GH joint through the
full-thickness tear.
MRI LEFT SHOULDER w/o contrast -- pain and weakness in LT shoulder
after MVA, XR nondiagnostic, eval for RTC tear. Smith, Bradley J
10/11/2022 10:31:26 AM EDT > PLEASE SEND IMAGE TO ROTHMAN
PACS VIA POWER SHARE

**4. Strain of left rotator cuff capsule, initial encounter**
IMAGING: MRI SHOULDER LEFT WO  Tendinosis of supraspinatus with
focal Full-Thickness, partial width tear at footprint. Moderate DJD of AC Jt.
Fluid in subacromial/subdeltoid bursa extending from GH joint through the
full-thickness tear.
MRI LEFT SHOULDER w/o contrast -- pain and weakness in LT shoulder
after MVA, XR nondiagnostic, eval for RTC tear. Smith, Bradley J
10/11/2022 10:31:26 AM EDT > PLEASE SEND IMAGE TO ROTHMAN
PACS VIA POWER SHARE

**5. Foreign body in cornea, unspecified eye, initial encounter**
IMAGING: XR ORBITS 4+ VW  Normal
    RULE OUT FOREIGN BODY

**6. Others**
Notes: He feels like he got hit by a truck because basically he did get hit by a
truck. He was an unrestrained driver rear-ended by a tractor trailer. The
motor vehicle accident was 9/23/2022. He has had significant pain since that
injury. He does have a significant amount of underlying arthritis that is
exacerbated by the accident. There is some mild to moderate DJD of both
hips, but there is advanced arthritis of both knees. Both knees are hurting,
the right hip is hurting. The right hip seems to be hurting the most and given
the trauma concern underlying occult fracture that does not show up on the
x-rays because he states he is having a significant difficult time walking.
Recommend he get MRI of the right hip to rule out underlying occult fracture
not seen on the x-rays.

As for his shoulder he is due to see one of the surgeons on our shoulder team
for evaluation of the shoulder pain after the motor vehicle injury.

5/20/23, 12:35 PM Summary View for AUGUSTINE, STEPHEN W

Case# 2024-03000-42 Docketed at Montgomery County Prothonotary on 12/05/2025 4:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

A

For now he can weight-bear as tolerated, he should try to take it easy, he will get the MRI of the hip and follow-up with me afterwards to review it.

I am hoping there is no significant injuries to the shoulder or the hip. But at minimum he has significant exacerbation of underlying arthritis of the right hip and both knees.

All the above was explained to him today, all questions were answered at the time of the visit.

Immunization

    Immunization record has been reviewed and updated.

Preventive Medicine

Counseling:  Abnormal BMI Follow Up  Above Normal BMI Follow-up
Dietary management education, guidance, and counseling.

Visit Codes

99204 OFFICE OUTPT NE.

Procedure Codes

73030 RADEX SHO COMPL RT, Modifiers: LT
73564 RADEX KNE COMPL RT, Modifiers: LT
73564 RADEX KNE COMPL RT, Modifiers: RT
73502 2-3views hip w/pelvis when performed, Modifiers: RT



Electronically signed by Bradley Smith on 03/27/2023 at 08:32 AM EDT
Sign off Status: Completed
Visit Status:  DPKT (Departed)

RI Limerick Office
400 ENTERPRISE DRIVE
LIMERICK, PA 19468-1013
Tel: 267-329-3500
Fax: 267-327-1321

Progress Note Bradley Smith, MD    03/11/2023

38/47

**EXHIBIT "E"**

**[Order Dated January 5, 2026]**

Case# 2024-03000-44 Docketed at Montgomery County Prothonotary on 01/05/2026 10:25 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

STEPHEN AUGUSTINE           :    MONTGOMERY COUNTY
                                   :    COURT OF COMMON PLEAS

        v.                         :

DARRELL HICKS and          :    No. 2024-0300
2 SHARPE TRUCKING, LLC      :

## ORDER

AND NOW, this **5** day of **January**, 202**6**, upon consideration of Plaintiff's Motion to Amend Complaint and Transfer from Arbitration to Major List, and ~~any~~ *no* response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. This matter is hereby transferred from Arbitration to Major List. A new scheduling order will issue.

BY THE COURT:

RICHARD P. HAAZ,                J.

Order e-filed on 1/5/26
Copies sent via Prothonotary
Emailed to Court Administration

Judicial Secretary